**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED
APR - 9 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**LEANDER K. FEREBEE, SR.,**

      **Plaintiff,**

v.                                                                   **Civil Action No. 2:08cv9**

**CACI DYNAMIC SYSTEMS, INC.,**

and

**NICHOLAS MASELLI,
Systems Administrator Lead,**

      **Defendants.**

## ORDER AND OPINION

Currently before the court is a motion to dismiss for failure to state a claim for which relief can be granted, filed by defendant Nicholas Maselli. After examination of the briefs and the record, this court determines that oral argument is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated fully herein, the court **GRANTS** Maselli's motion to dismiss.

I. Factual and Procedural Background

On January 10, 2008, the pro se plaintiff, Leander K. Ferebee, Sr., filed the instant action against the defendants, CACI Dynamic Systems, Inc., a private employer with an office in Norfolk, Virginia, and Nicholas Maselli, an employee at CACI who interviewed the plaintiff for a job opening. The plaintiff alleges that Maselli seemed disappointed in the plaintiff's age and

appearance and generally was hostile to the notion of hiring the plaintiff. The plaintiff further claims that a younger, less-qualified individual was hired instead of him, ostensibly because the plaintiff is 53 years old with gray, receding hair.

Accordingly, the plaintiff contends that he was passed over for the position with CACI in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. On March 7, 2008, Maselli filed the instant motion to dismiss along with the required Roseboro notice. Maselli contends that the ADEA does not provide a cause of action against individuals and that, if the complaint could be construed as requesting relief under the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-2632 et seq., that statute does not apply to the facts of this case. Despite being informed of the possibility that his case against Maselli might be dismissed, the plaintiff has failed to respond to the motion to dismiss, and the time in which to respond has expired. Accordingly, the motion is ripe for consideration.

II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to request dismissal of the claims against him if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

III. Discussion

Maselli seeks dismissal from the lawsuit on the basis that he, as an individual, is not subject to suit under the ADEA. See 29 U.S.C. § 623 (providing that its restrictions apply to employers). Under the Act, an "employer" is defined as "a person engaged in any industry affecting commerce who has twenty or more employees . . . and any agent of such person." 29 U.S.C. § 630. Accordingly, the Fourth Circuit has repeatedly construed the ADEA as not providing a cause of action against individual employees. See, e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (holding that the term "agent" in § 630 does not create individual liability, but instead is "an unremarkable expression of respondeat superior-that discriminatory personnel actions taken by an employer's agent may create liability for the employer"). Therefore, there exists no basis under the ADEA by which the plaintiff might recover against Maselli, an individual employee of CACI, although Maselli's conduct may give rise to liability against CACI.

3

Further, although the complaint makes no mention of the VHRA,[1] Maselli argues that it, too, would not create a cause of action against him. Indeed, the VHRA only provides a private right of action against employers which have more than five but less than fifteen employees. Va. Code Ann. § 2.2-2639. The plaintiff has not alleged that CACI has between five and fifteen employees,[2] and even had such an allegation been made, the narrow cause of action given to private citizens under the VHRA only applies to claims of wrongful discharge. See Va. Code Ann. § 2.2-2639(B). Here, the plaintiff's claim is for failure to hire, and therefore he clearly cannot make out a claim under the VHRA. See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, 53 F.3d 55, 57 n.1 (4th Cir. 1995). Accordingly, the plaintiff cannot make out a claim under the VHRA against Maselli.

IV. Conclusion

In accordance with the foregoing, because the plaintiff has no cause of action against Maselli under either the ADEA or the VHRA, Maselli's motion to dismiss is **GRANTED** and the claims against him are **DISMISSED**.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff and to counsel of record for the defendants.

---

[1] It appears that Maselli addresses the possibility of such a claim out of abundance of caution and because of the liberal construction afforded to pro se filings. See Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990); see also Haines v. Kerner, 404 U.S. 519, 520 (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

[2] According to Maselli, CACI has thousands of employees.

4

It is so **ORDERED**.

/s/ *[signature]*
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

April 9, 2008
Norfolk, Virginia